Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SENSIENT DEHYDRATED FLAVORS, COMPANY, SENSIENT DEHYDRATED FLAVORS, LLC., SENSIENT NATURAL INGREDIENTS, LLC., and Does 1-10 Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Disability Discrimination (Discharge)**<br>• **Denial of Reasonable Accommodation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Maria Rodriguez and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 23 to 30 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that

-1-

Defendant Sensient Dehydrated Flavors Company, Defendant Sensient Dehydrated Flavors, LLC., and Sensient Natural Ingredients, LLC., (collectively "Defendants" or "Sensient"), are liable for unlawfully discriminating against a class of individuals due to their actual or perceived disability in discharging these individuals because they had taken leave and refusing to allow them to return to work despite having been cleared to do so.  Plaintiff further alleges that Defendants failed to engage in the interactive process with and to provide a reasonable accommodation to individuals with disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA.

4. At all relevant times prior to 2013, Defendant Sensient Dehydrated Flavors Company has been a corporation doing business in Merced County.

5. At all relevant times prior to 2013, Defendant Sensient Dehydrated Flavors Company has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

6. At all relevant times prior to 2013, Defendant Sensient Dehydrated Flavors, LLC, has been a limited liability company doing business in Merced County.

7. At all relevant times prior to 2013, Defendant Sensient Dehydrated Flavors, LLC,

has continuously been a limited liability company doing business in the State of California, and has continuously had at least 15 employees.

8. At all relevant times since in or about December 2007 and thereafter, Defendant Sensient Natural Ingredients, LLC has been a limited liability company doing business in Merced County.

9. At all relevant times, Defendant Sensient Natural Ingredients LLC has continuously been a limited liability company doing business in the State of California, and has continuously had at least 15 employees.

10. Defendant Sensient Dehydrated Flavors, LLC, and Defendant Sensient Dehydrated Flavors Company, acting as their employers, issued personnel documents to the claimants, including but not limited to correspondence regarding Defendants' leave policy, employee handbooks, and pay stubs.

11. In June 2013, Defendant Sensient Dehydrated Flavors, LLC, announced that the company was changing its name to Sensient Natural Ingredients, LLC. Defendant Sensient Natural Ingredients, LLC, engaged in the same business and continued the same operations as Defendants Sensient Dehydrated Flavors Company and Sensient Dehydrated Flavors, LLC, including but not limited to operation of the facilities in Turlock and Livingston, California.

12. Sensient Dehydrated Flavors Company and Sensient Dehydrated Flavors, LLC, are no longer in existence, having merged into Sensient Natural Ingredients, LLC. Accordingly, Sensient Dehydrated Flavors Company and Sensient Dehydrated Flavors, LLC, would be unable to pay for any damages awarded in this action and Sensient Natural Ingredients, LLC would be the Defendant to implement any injunctive relief obtained in this action to prevent and correct the discriminatory practices.

13. A letter of determination, containing notice of the Commission's findings that there was reasonable cause to believe discrimination had occurred, was issued to Defendants Sensient Natural Ingredients and Sensient Dehydrated Flavors.

14. While Defendant Sensient Dehydrated Flavors Company announced a name change to Sensient Natural Ingredients, LLC in June 2013, Sensient Natural Ingredients, LLC,

1 has been a limited liability company doing business in California since December 2007.
2 Sensient Natural Ingredients, LLC, had control over the operations of Sensient Dehydrated
3 Flavors Company, knowledge of the discriminatory practices that occurred at Sensient
4 Dehydrated Flavors Company, and had the power to prevent and correct the discriminatory
5 practices since on or before the June 2013 name change. For example, Sensient Natural
6 Ingredients, LLC's President Alejandro Ballesteros served as president of Sensient Dehydrated
7 Flavors Company and since Defendants' press release indicates that there was a mere name
8 change from Sensient Dehydrated Flavors Company to Sensient Natural Ingredients, LLC as
9 oppose to other management or operational changes, all three defendants are liable for the
10 alleged discrimination. Moreover, several directors of Sensient Dehydrated Flavors, LLC,
11 maintained the comparable director positions at Sensient Natural Ingredients, LLC after the
12 name change announcement.

13     15. All of the acts and failures to act alleged herein were duly performed by and
14 attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect
15 employer, joint employer, integrated enterprise and/or or under the direction and control of the
16 others, except as specifically alleged otherwise. Said acts and failures to act were within the
17 scope of such agency and/or employment, and each Defendant participated in, approved and/or
18 ratified the unlawful acts and omissions by the other Defendants complained of herein.
19 Whenever and wherever reference is made in this Complaint to any act by a Defendant or
20 Defendants, such allegations and reference shall also be deemed to mean the acts and failures to
21 act of each Defendant acting individually, jointly, and/or severally.

22     16. Plaintiff is ignorant of the true names and capacities of each Defendant sued as
23 DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious
24 names. Plaintiff reserves the right to amend the complaint to name each DOE defendant
25 individually or collectively as they become known. Plaintiff alleges that each DOE defendant
26 was in some manner responsible for the acts and omissions alleged herein and Plaintiff will
27 amend the complaint to allege such responsibility when the same shall have been ascertained by
28 Plaintiff.

## STATEMENT OF CLAIMS

17. More than thirty days prior to the institution of this lawsuit, Maria Rodriguez filed a charge of discrimination with Plaintiff alleging violations of ADA by Defendants.

18. On September 27, 2013, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated the ADA and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

19. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

20. The Commission was unable to secure through informal methods of conciliation, including but not limited to an in person conciliation conference, from Defendants a conciliation agreement acceptable to the Commission.

21. On December 5, 2014, the Commission issued to Defendants a Notice of Failure of Conciliation.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

23. Since at least 2011, Defendants have engaged in unlawful employment practices in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b), by:

    a. Discharging Maria Rodriguez and a class of similarly aggrieved disabled employees, including but not limited to Bertha Montoya, Magdalena Gonzalez, and Francisco Cuevas, due to these employees' use of leave as a reasonable accommodation.

    b. Discharging Maria Rodriguez and a class of similarly aggrieved employees, including but not limited to Bertha Montoya and Magdalena Gonzalez, because of their actual or perceived disabilities when Defendants refused to allow them to return to work despite these employees having been released to work without restrictions.

    c. Failing to engage in the interactive process and provide reasonable

accommodations for the known disabilities of employees in terminating employees, including but not limited to George Briscoe, by providing additional leave and instead discharging them for exceeding Defendants' maximum leave policy.

24. Since at least 2010, Defendants strictly applied a leave policy which permitted seven months maximum of leave at which time employees who exceeded such leave were terminated. Pursuant to the policy, Defendants failed to engage in the interactive process and provide a reasonable accommodation of additional leave for these employees in violation of the ADA.

25. In May 2008, Maria Rodriguez began working for Defendants at their Livingston, California facility. In October 2010, Maria Rodriguez informed Defendants that she had been diagnosed with breast cancer and would require time off for treatment. Maria Rodriguez' breast cancer substantially limited her normal cell growth. In late February 2011, Defendants informed Maria Rodriguez that she had exceeded the company's leave policy and would be terminated if she did not provide medical documentation releasing her to work. On February 28, 2011, Maria Rodriguez's medical provider sent documentation via facsimile releasing her back to work. Despite such documentation, Defendants discharged Maria Rodriguez on March 3, 2011, because of her disability and use of leave as a reasonable accommodation.

26. Magdalena Gonzalez, Bertha Montoya, Francisco Cuevas, and George Briscoe also worked for Defendants in Livingston, California.

27. In February 2011, Magdalena Gonzalez received correspondence from Defendants demanding that she provide medical documentation clearing her to return to work as Magdalena Gonzalez had exceeded the company's maximum leave. Magdalena Gonzalez suffered from a physical condition substantially limiting her reproductive functions and had been on medical leave to treat that condition. Defendants received documentation on February 16, 2011, stating Magdalena Gonzalez needed additional days of leave. On February 25, 2011, Magdalena Gonzalez provided Defendants with an authorization permitting her to return to work from her medical provider. Defendants discharged Magdalena Gonzalez, on February 28, 2011,

because of her disability and use of leave as a reasonable accommodation.

28. In July 2010, Bertha Montoya requested medical leave from Sensient to treat a condition that substantially limited her cardiovascular functions and diabetes, which substantially limited her endocrine functions. On January 7, 2011, Bertha Montoya's medical provider released her to return to work without restrictions. On the same day, Defendants informed Bertha Montoya that she was being discharged because of her use of medical leave.

29. Francisco Cuevas went out on medical leave in December 2010 to treat a physical condition that substantially limited his ability to walk. On February 22, 2011, Defendants communicated to Francisco Cuevas that they would terminate his employment if he did not contact them by March 25, 2011. Francisco Cuevas' medical provider previously submitted documentation to Defendants stating Cuevas required medical leave until March 7, 2011. Francisco Cuevas submitted documentation stating he needed additional leave prior to the March 25, 2011 deadline. Defendants terminated his employment on March 1, 2011, because of his disability and his use of and/or need for additional leave as a reasonable accommodation.

30. George Briscoe developed bone spurs in his feet that substantially limited his ability to walk and stand. In 2011, George Briscoe's doctor recommended surgery to remove the bone spurs. In July 2011, George Briscoe informed Defendants of his need for medical leave to treat his condition. George Briscoe's surgery resulted in complications that required additional time off. During his recuperation from surgery, George Briscoe sustained further injuries as the result of a car accident, including a concussion. Consequently, Defendants terminated George Briscoe for exceeding the maximum leave permitted under their policy on December 2011. George Briscoe was released to work soon thereafter by his medical provider.

31. The effect of the practices complained of in paragraphs 23 to 30 above has been to deprive, and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their actual or perceived disability.

32. The unlawful employment practices complained of in paragraph 23 to 30 above were intentional and caused, and similarly aggrieved individuals to suffer emotional distress.

33. The unlawful employment practices complained of in paragraphs 23 to 30 above

1  were and are done with malice or with reckless indifference to the federally protected rights of
2  and similarly aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.  Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.  Order Defendants to make whole Maria Rodriguez, Bertha Montoya, Magdalena Gonzalez, Francisco Cuevas, George Briscoe and similarly aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.  Order Defendants to make Maria Rodriguez, Bertha Montoya, Magdalena Gonzalez, Francisco Cuevas, George Briscoe and similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.  Order Defendants to make Maria Rodriguez, Bertha Montoya, Magdalena Gonzalez, Francisco Cuevas, George Briscoe and similarly aggrieved individuals whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendants to pay Maria Rodriguez, Bertha Montoya, Magdalena Gonzalez, Francisco Cuevas, George Briscoe and similarly aggrieved individuals punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 17, 2015                    Respectfully Submitted

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION