1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No.: 1:15-cv-01431-DAD-BAM )<br>) ORDER REGARDING PLAINTIFF'S MOTION TO |
| Plaintiff, | ) COMPEL DEFENDANT SENSIENT NATURAL ) INGREDIENTS TO PRODUCE RESPONSIVE |
| v. | ) DOCUMENTS AND INFORMATION TO EEOC'S ) REQUEST FOR PRODUCTION NO. 68 AND |
| SENSIENT DEHYDRATED FLAVORS COMPANY, et al., | ) INTERROGATORY NO. 1 ) (Doc. 44) )<br>) |
| Defendants. | )<br>) |

**INTRODUCTION**

Plaintiff U. S. Equal Employment Opportunity Commission ("EEOC") moves to compel Defendant Sensient Natural Ingredients LLC ("SNI" or "Defendant")[1] to respond and produce responsive documents to EEOC's Request for Production of Documents, Set One, No. 68 and EEOC's Interrogatory, Set One, No. 1. (Doc. 44). SNI opposed the motion on July 22, 2016, and EEOC replied on July 29, 2016. The Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for August 5, 2016. Local Rule 230(g). Having considered the parties' briefs and the record in this matter, the EEOC's motion to compel shall be DENIED.

---

[1] Defendant SNI claims it was incorrectly identified in the Complaint as "Sensient Natural Ingredients, LLC." Defendant SNI also represents that it was formerly known as Sensient Dehydrated Flavors LLC, which also was incorrectly identified in the Complaint as "Sensient Dehydrated Flavors, LLC", and is successor in interest to Sensient Dehydrated Flavors Company. (Doc. 11).

**BACKGROUND**

On September 21, 2015, the EEOC instituted this action "to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Maria Rodriquez and a class of similarly aggrieved individuals who were adversely affected by such practices" pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a) (incorporating the powers, remedies, and procedures set forth in Section 706 of Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §§ 200e-5, into ADA enforcement actions). (Doc. 1, Compl. at p. 1).

Title VII sets out a "detailed, multi-step procedure through which the [EEOC] enforces the statute's prohibition on employment discrimination." *Mach Mining, LLC. V. EEOC*, 575 U.S.---, ---, 135 S.Ct. 1645, 1649, 191 L.Ed.2d 607 (2015). The process starts with the EEOC's receipt of a charge of unlawful workplace practice. *Id.* Then, "the EEOC notifies the employer of the complaint and undertakes an investigation." *Id.* "If the Commission finds no 'reasonable cause' to think that the allegation has merit, it dismisses the charge and notifies the parties." *Id.* At that point, the complainant may sue the employer in his or her name. *Id.* "If, on the other hand, the Commission finds reasonable cause, it must first 'endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.'" *Id.* (quoting 42 U.S.C. § 2000e–5(b)). If the Commission is unable to secure an acceptable conciliation agreement, then the EEOC may sue the employer. *Id.*

According to the complaint, this process began when Maria Rodriguez filed a charge of discrimination with the EEOC alleging violations of the ADA. On September 27, 2013, the EEOC issued a Letter of Determination finding reasonable cause to believe that SNI had violated the ADA and inviting SNI to join the EEOC in informal conciliation. The parties engaged in conciliation, but the EEOC was unable to secure an acceptable conciliation agreement. Thus, on December 5, 2014, the EEOC issued a Notice of Failure of Conciliation. (Doc. 1, Compl. at ¶¶ 17-21). Thereafter, on September 15, 2016, the EEOC filed this legal action. (Doc. 1).

///

///

///

In the complaint, the EEOC alleged that SNI had engaged in the following unlawful employment practices:

> a.  Discharging Maria Rodriguez and a class of similarly aggrieved disabled employees, including, but not limited to Bertha Montoya, Magdalena Gonzalez, and Francisco Cuevas, due to these employees' use of leave as a reasonable accommodation.

> b.  Discharging Maria Rodriguez and a class of similarly aggrieved employees, including but not limited to Bertha Montoya and Magdalena Gonzalez, because of their actual or perceived disabilities when Defendants refused to allow them to return to work despite these employees having been released to work without restrictions.

> c.  Failing to engage in the interaction process and provide reasonable accommodations for the known disabilities of employees in terminating employees, including but not limited to George Briscoe, by providing additional leave and instead discharging them for exceeding Defendants' maximum leave policy.

(Doc. 1, Compl. at ¶ 23).

The EEOC further alleged:

> Since at least 2010, [SNI] strictly applied a leave policy which permitted seven months maximum of leave at which time employees who exceeded such leave were terminated. Pursuant to the policy, Defendants failed to engage in the interactive process and provide a reasonable accommodation of additional leave for these employees in violation of the ADA.

(Doc. 1, Compl. at ¶ 24).  SNI answered the complaint on December 15, 2015.  (Doc. 11).

On February 16, 2016, the EEOC served its Request for Production of Documents on SNI.  On February 19, 2016, the EEOC then served Interrogatories on SNI.  SNI requested a sixty-day extension of time to respond to the EEOC's discovery requests.  The EEOC granted this request, with the proviso that SNI would provide a response to Interrogatory 1 by April 18, 2016.  SNI served its objection to Interrogatory No. 1 on April 18, 2016.  (Doc. 44-1 at p. 7.)  On April 4, 2016, the Court issued a preliminary scheduling order and set the deadline for the EEOC to identify all claimants in this action as September 30, 2016.  (Doc. 16).  On May 16, 2016, SNI served its responses to the EEOC's documents requests.  At issue in this dispute are SNI's responses to Interrogatory No. 1 and Document Request No. 68.

///

///

INTERROGATORY NO. 1:

IDENTIFY all of YOUR employees at the Livingston, California facility currently operated by SNI between from January 1, 2013, to the present, including, but not limited to, the following information:
a.   Name;
b.   Date of Birth;
c.   Last known address, phone number, and electronic mail;
d.   Dates of Employment (hire date and date of separation);
e.   If separated from employment, the reason for separation;
f.   Department worked;
g.   Position(s) worked; and
h.   Supervisor(s).

OBJECTIONS:

Defendant Sensient Natural Ingredients LLC ("SNI") objects that Interrogatory No. 1 is not relevant or proportional to the needs of this case, as required by Fed. R. Civ. P. 26(b). The EEOC poses this Interrogatory to identify individuals employed by SNI after the conclusion of the EEOC's investigation in this matter. To Defendant's understanding, the EEOC has identified no claimants in its Initial Disclosures who were employed during this time period. Given that SNI disclosed employee information to the EEOC during the course of the Agency's investigation, the only apparent purpose of this inquiry is to look for new potential claimants/violations not currently known to the Agency, not known to the Agency during its investigation, and not reasonably likely to have been identified by the Agency in the course of its investigation. The Agency could not have provided notice to SNI of any such potential claimants/violations, or met its obligation to investigate or conciliate any such potential claimants/violations. Such an endeavor falls outside the bounds of this action, as well as the scope of permissible discovery in this action. *See, Arizona ex rel. Home v. Geo Group, Inc.*, 2016 U.S. App. LEXIS 4646, *32-37 (9th Cir. March 14, 2016), citing *Vasquez v. County of Los Angeles*, 349 F.3d 634, 645 (9th Cir. 2003) (holding that claim based on events that occurred after right-to-sue letter issued could not reasonably have been expected to grow out of EEOC investigation); *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) (finding that allegations "which surfaced for the first time in plaintiff's First Amended Complaint, clearly would not have been necessary to, or addressed in, the scope of an investigation [into the underlying charge]"); *EEOC v. Farmer Bros.*, 31 F.3d 891 (9th Cir. 1994) (finding that layoff claim fell within scope of action, reasoning that "[n]ot only did the EEOC charge provide adequate notice to Farmer Bros. of Estrada's discriminatory layoff claim, but also in order to evaluate (or even to understand) Estrada's theory of the case, it was necessary for the [**21] EEOC to investigate the circumstances of Estrada's layoff"); *EEOC v. Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1976) ("[T]he original charge is sufficient to support EEOC administrative action, as well as an EEOC civil suit, for any discrimination stated in the charge itself or discovered in the course of a reasonable investigation of that charge, provided such additional discrimination was included in the EEOC "reasonable cause" determination and was followed by compliance with the conciliation procedures of the Act."); *EEOC v. Occidental*, 535 F.2d 533 (9th Cir. 1976) (same). *See also EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 677 (8th Cir. 2012) (dismissing suit on of 67 women identified as

claimants only after commencement of federal litigation, finding Agency "wholly failed to satisfy its statutory pre-suit obligations as to these 67 women"); *EEOC v. American Samoa Government*, 2012 U.S. Dist. LEXIS 144324, *20-21 (D. Hawaii October 5, 2012) (explaining that "[t]his limit on the scope of EEOC claims in a civil suit also serves to limit the discovery the EEOC may conduct in a civil action"); *EEOC v. Dillard Store Servs.*, 2011 U.S. Dist. LEXIS 76206 (S.D. Cal. July 14, 2011) ("The EEOC may not use discovery in the resulting lawsuit 'as a fishing expedition' to uncover more violations." (internal quotations omitted).)

In addition, the type of employee information sought is not relevant or proportional to the needs of this case. The Agency's Complaint challenges whether SNI's alleged actions surrounding specified employees' leaves of absence violated the ADA. Discovery concerning all employees, including their personal data and reasons for separation (regardless of the reason), has no bearing on this limited scope of the alleged violations.

Based on the foregoing Objections, SNI will not answer this Interrogatory, other than to refer the EEOC to the information provided by SNI during the course of the investigation. SNI would be available to meet and confer regarding a narrowed scope for this Interrogatory, which takes into account the issues identified above.

EEOC's REQUEST NO. 68:

IDENTIFY and produce all DOCUMENTS which pertain, constitute, or reflect a complete list of YOUR employees at the Livingston, California facility currently operated by SNI from January 1, 2013 through the present, including the following information:
a. Name;
b. Date of Birth;
c. Last known address and phone number;
d. Dates of Employment (hire date and date of separation, if any);
e. If separated from employment, the reason for separation;
g. Department worked;
h. Position(s) worked;
j. Whether the employee requested an accommodation under the Americans with Disabilities Act ("ADA"); and
k. Whether the accommodation was granted.

RESPONSE REQUEST NO. 68:

See Opening Objection No. 2.[2] SNI objects to this Request as overbroad and unduly burdensome. This Request also seeks information that is neither relevant nor

---

[2]   Opening Objection No. 2 states:

The EEOC has made requests for documents for the time period after the conclusion of the EEOC's investigation in September 2013. SNI objects to any request in this category that is posed for the purpose of identifying new potential claimants/violations beyond those currently known to the Agency, know to the Agency during its investigation, or reasonably likely to have been identify by the Agency in the course of its investigation.   The Agency could not have provided notice to SNI of any such potential

proportional to the needs of the case. After a lengthy investigation, during which it obtained voluminous information and employee data, including information on leaves of absence and employee contact information, the EEOC has identified eight alleged claimants. Further, the EEOC has identified the specific alleged unlawful employment practices in its Complaint, as set forth in Paragraphs 23 (a)-(c) and 24. Filing a multi-claimant Complaint under the ADA as to specific alleged unlawful employment practices does not grant the EEOC an on-going license to vet retrospectively and challenge an employer's practices with respect to accommodations of any type, at any time. The EEOC is far overreaching the scope of its action with this Request.

Based on the foregoing Objections, SNI will not produce documents responsive to this Request.

(Docs. 44-8 and 44-9; Exs. G and H to Pl's Motion to Compel).

In addition to an order compelling SNI to respond to these discovery requests, the EEOC also requests that its deadline to identify any potential claimants be extended an additional three months.

**III.    Discussion**

The primary disagreement between the parties is whether the EEOC may obtain discovery of the requested employee information, including whether the EEOC is entitled to such information for the time period after the EEOC's reasonable cause determination issued on September 27, 2013.

Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).  In determining the proportional needs of the case, consideration must be given to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Information within this scope of discovery need not be admissible to be discoverable. *Id.*

The Court finds that the EEOC's discovery requests seek information that is not relevant to a claim or defense and is not proportional to the needs of the case.  As discussed, the EEOC's allegations in this action relate to (1) the *discharge* of disabled employees due to their use of leave as a

claimants/violations, or met its obligation to investigate or conciliate as to such potential claimants/violations. Such an endeavor falls outside the bounds of this action, as well as the scope of permissible discovery in this action. [Citations to cases cited in Answer to Interrogatory 1 omitted.] These Requests are irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of this case.

reasonable accommodation; (2) the *discharge* of employees because of their actual or perceived disabilities when SNI refused to allow them to return to work despite the employees having been released to work without restrictions; and (3) the failure to engage in the interactive process and provide reasonable accommodations for the known disabilities of employees by providing additional leave and instead *discharging* them for exceeding SNI's maximum leave policy.  (Doc. 1, Compl. at ¶ 23).  Setting aside any post-reasonable cause temporal limitations, Interrogatory No. 1 and Document Request No. 68 seek information well beyond any claims or defenses in this litigation by asking for information regarding current employees at SNI's Livingston, California facility.  Fed. R. Civ. P. 26(b).  This information regarding SNI's current employees is not relevant because this lawsuit concerns the allegedly unlawful discharge (termination) of employees.

Moreover, even if the EEOC's requests were limited to discharged employees, they are overbroad and not proportional to the needs of this case.  Contrary to the EEOC's argument, the discovery requests are not limited to seeking information about additional victims of the same kind of discrimination at issue in this case.  (Doc. 44-1 at p. 14).  Rather, as propounded, the discovery requests seek information regarding *all* employees separated from service, regardless of the reason, and *all* requested accommodations under the Americans with Disabilities Act.  As this action generally relates to allegations of disability discrimination and discharge following an employee's use of leave, discovery should be limited to such employees.  *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 331 (1980) (The EEOC is allowed to pursue any violations of Title VII that are ascertained "in the course of a reasonable investigation of the charging party's complaint.").

With respect to temporal limits, the parties clash over whether the scope of the EEOC's interrogatory and document request should be narrowed to exclude employee information for the post-reasonable cause period.[3]  The EEOC, citing Ninth Circuit precedent from *Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1205 (9th Cir. 2016), contends that such discovery is proper because the EEOC may seek relief in this class action on behalf of aggrieved individuals whose claims arose

---

[3]        The discovery requests at issue seek information from January 1, 2013, to the present.  The reasonable cause determination was issued on September 27, 2013.  Accordingly, the post-reasonable cause period is the time period from September 27, 2013, to the present.

after the reasonable cause determination so long as their claims are already encompassed in the reasonable cause determination or like or reasonably related to the initial charge.

In *Geo Group*, the Ninth Circuit considered a challenge to a district court's dismissal of the claims of 15 women who had not been specifically identified during the course of the investigation or in the reasonable cause determination. *Id.* at 1197. The district court found that the EEOC was required to identify these women and conciliate their claims prior to bringing suit on their behalf. *Id.* at 1197. The district court was concerned that the EEOC had used the discovery process to identify additional aggrieved employees, and determined that the EEOC was required to identify and conciliate on behalf of all class members during the investigation period. The Ninth Circuit rejected the district court's premise that the EEOC "must identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit seeking recovery on behalf of a class." *Id.* at 1200. Instead, the Ninth Circuit held that the EEOC satisfied its pre-suit conciliation requirements to bring a class action if it attempts to conciliate on behalf of an identified class of individuals prior to bringing suit. *Id.* The Ninth Circuit reasoned that if the EEOC was required to pursue individual conciliation on behalf of every aggrieved employee, it would be effectively barred from seeking relief on behalf of any unnamed class members the EEOC had yet to identify when it filed suit. *Id.* Additionally, the Ninth Circuit believed it would be illogical to limit the EEOC's ability to seek classwide relief to something narrower than the abilities of civil litigants in private class actions who may discover additional aggrieved employees who may wish to participate in the class. *Id.* The Ninth Circuit therefore vacated the district court's per se exclusion of any discrimination and retaliation that occurred after the date of the reasonable cause determination and remanded the action for the district court to determine whether the aggrieved employees' claims were already encompassed within the reasonable cause determination, or whether the claim was "like or reasonably related" to the initial charge. *Id.* at 1206.

In contrast to the position of *Geo Group*, SNI believes that the EEOC's interrogatory and document request geared at employee information for the two-plus year time period after the EEOC closed its investigation is an improper attempt to find unknown claims that would not have existed at

the time the EEOC investigated or conciliated the charges in this action.  SNI relies on *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642 (2016), to contend that such claims would be barred.

Of significance, *CRST* was decided after the Ninth Circuit's decision in *Geo Group*, but did not directly confront the issue of whether the EEOC may bring claims on behalf of additional aggrieved employees identified during the discovery process.  Rather, *CRST* involved the question of whether an employer was a prevailing party and entitled to an award of attorneys' fees, for prevailing in getting claimants dismissed because the Commission had not adequately investigated or attempted to conciliate the claims on their behalf before filing suit.  In *CRST*, at the district court level, the EEOC identified over 250 allegedly aggrieved women during discovery.  In several orders, including a sanctions order, the district court ruled that the EEOC's claims on behalf of all but 67 women were barred on a variety of grounds.  With regard to the remaining 67 women, the district court barred the EEOC from seeking relief for these women on the ground that the EEOC had not satisfied its § 706 pre-suit requirements to investigate and conciliate before filing the lawsuit.  *CRST*, 136 S.Ct. at 1648-49.  The district court then dismissed the suit, held that CRST was a prevailing party, and invited CRST to apply for attorney's fees.  CRST moved for attorneys' fees, which the district court awarded after finding that the EEOC's failure to satisfy its pre-suit obligations for its claims on behalf of the final 67 women was unreasonable.  *Id.* at 1649.

The EEOC appealed the district court's order dismissing the claims on behalf of the 67 women that the district court rejected for failure to satisfy the pre-suit requirements.  The Court of Appeals found that the district court's dismissal of the 67 claims for lack of investigation and conciliation was proper.  In so doing, the Court of Appeals determined that the EEOC "'did not reasonably investigate the class allegations of sexual harassment during a reasonable investigation of the charge,' but rather used 'discovery in the resulting lawsuit as a fishing expedition to uncover more violations.'" *Id.* at 1659 (quoting *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 676 (8th Cir. 2012)).  Indeed, the EEOC did not investigate the specific allegations of any of the 67 allegedly aggrieved persons until after the complaint was filed.  *Id.*

Additionally, the Court of Appeals affirmed the district court's dismissal of all other claims, but reversed claims of behalf of two individuals for unrelated reasons.  The Court of Appeals also

vacated the attorney's fees award and remanded the matter.  *Id.* at 1649.  After remand, the EEOC withdrew one of the remaining claims and settled the other claim.  The district court again awarded CRST attorney's fees, finding that CRST prevailed on the EEOC's pattern-or-practice claim and on the claims on behalf of the over 150 allegedly aggrieved women, including the 67 claims dismissed because of the EEOC's failure to satisfy its pre-suit requirements.  The EEOC appealed, and the Court of Appeals again reversed and remanded.  The Court of Appeals disagreed with the district court's conclusion that CRST could recover attorney's fees for the pattern-or-practice claim.  *Id.* at 1650.  The Court of Appeals also held that because Title VII's pre-suit requirements are not elements of a Title VII claim, the dismissal of the claims regarding the 67 women on the ground that the Commission failed to investigate or conciliate was not a ruling on the merits, and CRST did not prevail on those claims.  *Id.* at 1651.

By precluding CRST from recovering attorney's fees for claims dismissed because the Commission failed to satisfy its pre-suit obligations, the Court of Appeals' decision conflicted with the decisions of three other Courts of Appeals.  For that reason, the United States Supreme Court granted certiorari.  *Id.* at 1651.

Addressing the issue of attorney's fees, the Supreme Court ruled that a defendant need not obtain a favorable judgment on the merits in order to be a "prevailing party."  *Id.* at 1651.  In reaching this holding, the Supreme Court did not question the lower court's determination that the EEOC had not satisfied its statutory pre-suit requirements to investigate and conciliate the claims identified in discovery.  *Id.*  By leaving that determination undisturbed, the Supreme Court's decision in *CRST* lends support to SNI's position in this action that the EEOC's discovery should be limited, and the information sought by the EEOC for the post-reasonable cause period should not be deemed relevant to any party's claim or defense because those claims would be barred.  Fed. R. Civ. P. 26(b)(1).

The EEOC contends that SNI's position runs counter to the decision in *Mach Mining* because it impermissibly challenges the sufficiency of the EEOC's pre-suit investigation and conciliation efforts.  (Doc. 48 at p. 6).  In *Mach Mining*, the Supreme Court clarified the narrow scope of judicial review of the EEOC's conciliation activities, directing that a court may look "only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.*, statement made or positions

taken) during those discussions." *Mach Mining*, 135 S.Ct. at 1656.  While *Mach Mining* provides for limited review, it does not preclude a court from considering whether the EEOC attempted to confer about a specific allegation in the first instance and thus met its conciliation requirements.  *Mach Mining*, 135 S.Ct. at 1655-56.  Here, the discovery sought by the EEOC concerns information regarding employees and reasonable accommodations well beyond the scope of its allegations related to the discrimination against and subsequent discharge of employees due to their actual or perceived disability and, more specifically, the provision of leave.  In other words, the EEOC's discovery requests seek information unrelated to the charges that would have been conciliated.

Nonetheless, even if the Court were to accept the EEOC's position regarding *Geo Group*, Interrogatory No. 1 and Document Request No. 68 seek information not already encompassed in the reasonable cause determination or like or reasonably related to the initial charge.  Here, Ms. Rodriguez complained in her initial charge that she was discharged after using leave as a reasonable accommodation and after SNI refused to allow her to return to work despite having been released to work without restrictions.  (Doc. 44-3; Charge of Discrimination, Ex. B to Pl's Motion to Compel).  Following its investigation, on September 27, 2013, the EEOC issued its reasonable cause determination, finding that Ms. Rodriguez "was denied a reasonable accommodation, subjected to different terms and conditions of employment and discharged because of her disability" and that "similarly situated employees were also denied a reasonable accommodation, subjected to different terms and conditions, and discharged due to their actual disability or perceived disability." (Doc. 44-5; Determination, Ex. D to Pl's Motion to Compel).  The Court finds that the EEOC's discovery requests ask for information regarding claims that are not encompassed in the reasonable cause determination or like or reasonably related to the initial charge because they seek information regarding employees who were not terminated or who were terminated for reasons unrelated to disability leave.

Given the overbroad and disproportionate nature of the EEOC's current requests, it is unnecessary to ascribe temporal limitations to those requests.  However, the EEOC will not be precluded from propounding properly tailored discovery seeking information relevant to the claims and defenses in this action and proportional to the needs of this case.  Therefore, the deadline for the

EEOC to identify the potential claimants shall be extended, and, as appropriate and necessary, SNI may serve objections to these amended discovery requests, if any.

## Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1.  The EEOC's motion to compel, filed on July 12, 2016, is DENIED;

2.  The EEOC's request for an extension of the deadline to identify any potential claimants is GRANTED;

3.  The deadline to identify all claimants in this action and notify Defendant in writing of said claimants is extended to **November 30, 2016.**  The telephonic status conference scheduled for October 11, 2016**,** is continued to **December 14, 2016, at 9:30 a.m.** in Courtroom 8 (BAM) before the undersigned.

IT IS SO ORDERED.

Dated:   **August 17, 2016**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

12