1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. EQUAL EMPLOYMENT                    No. 1:15-cv-01431-DAD-BAM
     OPPORTUNITY COMMISSION,
12
                  Plaintiff,
13                                           ORDER APPROVING CONSENT DECREE
           v.
14                                           (Doc. Nos. 64–65)
     SENSIENT DEHYDRATED FLAVORS
15   COMPANY, SENSIENT DEHYDRATED
     FLAVORS LLC, and SENSIENT
16   NATURAL INGREDIENTS LLC,

17                Defendants.

18

19          This matter is before the court on the parties' joint motion for approval of a proposed

20   consent decree.  This action arises from alleged disability discrimination under the Americans

21   with Disabilities Act ("ADA").  After investigating charges of discrimination and pursuant to its

22   statutory authority, plaintiff U.S. Equal Employment Opportunity Commission ("EEOC")

23   commenced this action on September 21, 2015.  (Doc. No. 1.)  Specifically, the EEOC alleged

24   that defendants engaged in unlawful employment practices on the basis of disability, such as

25   discharging employees based on their use of leave as a reasonable accommodation, discharging

26   employees based on actual or perceived disabilities, and failing to engage in the interactive

27   process or providing reasonable accommodations for known disabilities.  The EEOC sought both

28   monetary and injunctive relief.  As a result of mediation and lengthy arms-length negotiations, the

                                               1

parties reached a settlement on monetary and injunctive terms.  The EEOC now seeks approval of a proposed consent decree (*see* Doc. No. 64-1) reflecting the parties' agreement.

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).  Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws."  *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014).  "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members."  *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).  Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Here, the proposed consent decree provides monetary relief to claimants in a total sum of $800,000.00, with $600,000.00 going to the eight known claimants in this case, and up to $200,000.00 in a contingent class fund from which currently unknown potential claimants may obtain relief, to be allocated among claimants at the EEOC's discretion.  (Doc. No. 64-1 § VII.) The proposed consent decree sets forth a number of forward-looking injunctive measures, including a prohibition on discriminatory employment practices and retaliation, and a requirement that defendants engage in the interactive process with and provide reasonable accommodations to qualified individuals with disabilities.  (*See, e.g.*, *id.* § VIII (general injunctive relief).)  For example, the parties agree that defendants will (1) designate an equal employment opportunity monitor to ensure compliance with the decree and the ADA; (2) designate an in-house ADA coordinator to track, monitor, process, and report on requests for accommodation; (3) review and,

if necessary, revise its policies and procedures regarding disability discrimination, reasonable accommodation, and retaliation; and (4) provide training on employer obligations and employee rights under the ADA.  (*See, e.g.*, *id.* § IX (specific injunctive relief).)

In light of the claims and defenses in this action, the court concludes that the proposed consent decree provides substantial relief among claimants and defendants' employees, and that it is the product of a fair arms-length negotiation process.  Accordingly, the court finds that the proposed consent decree is fundamentally fair, reasonable, and adequate, and that it is not illegal, a product of collusion, or against the public interest.

For the reasons stated above,

1. The parties' motion for approval of the proposed consent decree (Doc. No. 65) is granted;

2. The parties' proposed consent decree (Doc. No. 64-1) is approved;

3. The court retains continuing jurisdiction over the consent decree in this action for the duration of the decree (*see* Doc. No. 64-1 § IV.B); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 29, 2017**                          _____
                                                   UNITED STATES DISTRICT JUDGE